# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Martha Tovar, :
          Petitioner :
         :
        v. : No. 1441 C.D. 2017
         :
Workers' Compensation Appeal :
Board (Oasis Outsourcing/Capital :
Asset Research Ltd.), :
          Respondent :
         :
         :
Oasis Outsourcing/Capital :
Asset Research LTD, :
          Petitioner :
         :
        v. : No. 1469 C.D. 2017
         : Submitted: March 16, 2018
Workers' Compensation Appeal :
Board (Tovar), :
          Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: May 1, 2018**

In these consolidated appeals, Martha Tovar (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ). The WCJ granted the claim petition filed by Claimant. The WCJ also awarded attorney fees in Claimant's favor and against Oasis Outsourcing/Capital Asset Research Ltd. (collectively, Employer) for unreasonable contest. Claimant's sole reason for

seeking review of the Board's order is to request the lifting of the supersedeas imposed by the Board during the pendency of Employer's appeal to the Board.

Employer cross-petitions for review of the Board's order. Employer contends the WCJ improperly closed the record without waiting for Employer's medical evidence. Employer also argues the WCJ should have consolidated the claim petition with Employer's later-filed termination petition, which would have allowed Employer another opportunity to submit medical evidence. Employer further asserts the WCJ's finding of an unreasonable contest was erroneous because it arose from the absence of Employer's improperly-excluded medical evidence.

Upon review, we affirm the Board's order. We dismiss Claimant's petition for review as moot.

**I. Background**

In December 2014, Claimant sustained a work injury. Employer accepted the injury, described as "head and both knees contusion and strain," through a medical-only Notice of Temporary Compensation Payable, which subsequently converted to a Notice of Compensation Payable. Bd. Op., 9/19/17, at 1. In August 2015, Claimant filed a claim petition, alleging her work injury caused a disability beginning in July 2015. Id.

Claimant testified at a hearing in September 2015. At that time, neither party had yet obtained a medical examination of Claimant. WCJ's Hr'g, Notes of Testimony, 9/11/15 (N.T.), at 5-6. The WCJ gave Employer 45 days and Claimant

2

90 days to schedule their medical examinations.  Id.  The certified record contains no other scheduling information or orders.

Claimant subsequently obtained a deposition of her medical expert, Barry A. Ruht, M.D., dated March 14, 2016.  Certified Record (C.R.), Item #13. Claimant submitted Dr. Ruht's deposition into the record on April 1, 2016.  Bd. Op. at 2.

The certified record contains no medical or other evidence from Employer.

In November 2016, the WCJ issued a decision granting the claim petition.  The WCJ observed that Employer submitted no evidence and filed no brief in relation to the claim petition.  WCJ's Op., 11/18/16, Finding of Fact (F.F.) No. 6. The WCJ concluded:

> It is noted that [Employer] presented no evidence and called no witnesses in this matter.  It is further noted that the injury was previously acknowledged by [Employer] in the form of a medical only Temporary Notice of Compensation Payable. Accordingly, there is no dispute that the injury happened and there appears to be no dispute as to the disability of [Claimant]. Accordingly, it is found as fact and concluded as a matter of law that [Employer] had no reasonable basis for the contest of this matter.

WCJ's Op., Conclusion of Law (C.L.) No. 7.  Based on his findings and conclusions, the WCJ granted Claimant's request for an award of unreasonable contest attorney fees.  C.L. Nos. 8-9.

Employer appealed the WCJ's decision to the Board. In its online appeal, Employer contended it obtained a medical examination of Claimant in January 2016. C.R., Item #6. However, Employer did not assert that it submitted any medical evidence in the claim petition proceeding. Rather, Employer stated it "subsequently" filed a termination petition and requested consolidation with the claim petition, which request the WCJ denied. Id. at 2. Employer asserted, as the sole basis for its appeal to the Board, that the WCJ erred in refusing to consolidate the two petitions, thereby preventing Employer from submitting medical evidence in opposition to the claim petition. Id.

In January 2017, the Board granted Employer's petition for supersedeas in relation to payment of the award of attorney fees, pending an oral argument on the issue. After holding oral argument, the Board issued a second order in June 2017 keeping the supersedeas in place.[1]

---

[1] Claimant included a copy of the January 2017 supersedeas order in her reproduced record on appeal. However, the order is not part of the certified record. We will not consider it based solely on its insertion in the reproduced record. McElroy v. Workers' Comp. Appeal Bd. (Ryder Dedicated Logistics) (Pa. Cmwlth., No. 2034 C.D. 2006, filed Jan. 31, 2008), 2009 WL 9401380 (unreported) (documents included in the reproduced record, but not contained in the certified record, could not be considered). However, the June 2017 supersedeas order refers to the January 2017 order. Accordingly, we may acknowledge the issuance of the January 2017 order, provided the June 2017 order is part of the record.

The June 2017 order likewise is not in the certified record, but both parties attached it to their docketing statements filed in this Court in relation to their cross-petitions for review. Thus, they apparently agree the order is part of the record. Consequently, this Court will treat it as such for purposes of this appeal. See Pa. R.A.P. 1951(b) (parties may supplement the record by stipulation); Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alts., Inc., 832 A.2d 501 (Pa. Super. 2003) (treating material in the reproduced record as part of the certified record, on agreement of the parties); In re Luongo, 823 A.2d 942 (Pa. Super. 2003) (recognizing the raising of an issue not documented in the certified record, where the parties agreed and other facts of record indicated the issue was raised).

We therefore acknowledge the issuance of the January 2017 order as well.

In September 2017, the Board issued an opinion and order affirming the WCJ's decision. In its opinion, the Board observed that pursuant to 34 Pa. Code §131.63, Employer's medical evidence was due within 90 days after Claimant submitted her medical evidence in April 2016. Bd. Op. at 2. However, by the time the WCJ issued his decision in November 2016, Employer still had not deposed its medical expert, despite having obtained an independent medical examination by that expert in January 2016. Id. at 3. The Board therefore concluded the WCJ acted within his discretion in closing the record. Id.

The Board also observed that Employer did not file its termination petition until almost a year after the filing of the claim petition. Id. at 3. Moreover, Employer did not file the termination petition until after the deadline passed for Employer's submission of medical evidence in opposition to the claim petition. Id. at 3, 4 n.1. Further, the Board observed that the two petitions involved different issues concerning Claimant's work injury. Id. at 4. Therefore, the Board concluded the WCJ acted within his discretion in refusing to consolidate the claim and termination petitions. Id. Accordingly, the Board affirmed the WCJ's decision.

Both parties petitioned for review by this Court.

**II. Issues**

On appeal,[2] Claimant contends the Board should have addressed and lifted the supersedeas after affirming the WCJ's award of attorney fees for

---

[2] Generally, our review in a workers' compensation appeal is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of

5

Employer's unreasonable contest. Employer does not respond to Claimant's argument.

In its briefs on both the petition and cross-petition for review, Employer asserts the WCJ erroneously closed the record without permitting Employer to submit its medical evidence. Employer also argues the WCJ should have consolidated the claim petition with Employer's termination petition. Because the WCJ's finding of unreasonable contest resulted in part from Employer's failure to submit any evidence, Employer contends the award of attorney fees was likewise an error by the WCJ.

We address Employer's cross-petition first.

### III. Discussion
### A. Employer's Cross-Petition
### 1. Closing of the Record

Employer argues the WCJ improperly closed the record without notice to the parties. Employer has not properly preserved this issue for appeal.

Issues must be preserved at every stage of a proceeding. <u>Wheeler v. Workers' Comp. Appeal Bd. (Reading Hosp. & Med. Ctr.)</u>, 829 A.2d 730 (Pa. Cmwlth. 2003). Here, the certified record contains no information to support Employer's assertion that the WCJ closed the record improperly. Although Pa. R.A.P. 1951(b) allows the parties to add missing information to the record by

---

law was committed, or whether constitutional rights were violated. <u>Grimm v. Workers' Comp. Appeal Bd.</u>, 176 A.3d 1045 (Pa. Cmwlth. 2018) (<u>en</u> <u>banc</u>).

6

stipulation, the parties have not done so here. In the absence of such information, we reject Employer's argument.

Employer also asserts the WCJ accepted late submission of Claimant's medical evidence without assessing whether there was good cause for the untimely submission. Once again, the certified record is bare of information to support Employer's assertion.

Further, Employer argues the WCJ did not set a deadline for submission of Employer's medical evidence after Claimant submitted her medical expert's deposition. There is, again, no information in the certified record on this issue. However, as the Board explained in its opinion, Employer's medical evidence was due 90 days after Claimant submitted her medical evidence, pursuant to 34 Pa. Code §131.63. Even if the WCJ did not issue a specific due date, the deadline in the regulation applied. Id. Notably, Section 131.63(c) provides that the WCJ may extend the moving party's deadline for medical evidence "for good cause shown," but there is no parallel provision for extending the responding party's deadline. 34 Pa. Code §131.63(c).

Significantly, Employer's brief indicates Employer knew in September 2016 that the WCJ would not consolidate the claim and termination petitions. However, nothing in the record indicates, and Employer does not assert, that it requested reopening of the claim petition record to allow submission of medical evidence. Indeed, Employer did not even submit a brief as directed by the WCJ. Accordingly, this Court concludes Employer failed to preserve its argument for

7

further review. See Wheeler (issues are waived unless they are preserved at every stage of the proceeding, and a strict doctrine of waiver applies to workers' compensation proceedings); Commonwealth v. Joint Bargaining Comm. of Pa. Soc. Servs. Union, 489 A.2d 311 (Pa. Cmwlth. 1985) (an arbitrator's alleged error in refusing to allow post-hearing submission of evidence was not preserved for appeal, where the record showed neither an exception to the arbitrator's refusal to reopen the record, nor a post-award request for correction); Hajduk v. Workers' Comp. Appeal Bd. (Hajduk) (Pa. Cmwlth., No. 1876 C.D. 2009, filed July 15, 2010), 2010 WL 9514416 (unreported) (issue not preserved where WCJ required briefing and party failed to file a brief).

## 2. Refusal to Consolidate Claim and Termination Petitions

Employer next argues it filed a termination petition a month after the WCJ announced the closing of the record and issued a briefing schedule on the claim petition. Employer asserts, without any citation to authority, that the WCJ erred in refusing to consolidate the two petitions. Employer argues the WCJ thereby deprived Employer of a further opportunity to present its medical evidence in opposition to the claim petition.

The Board, in affirming the WCJ's decision, explained that whether to consolidate the two proceedings was a determination within the WCJ's discretion. The Board provided analysis and cited authority in support of that principle. Bd. Op. at 3-4.

8

Employer does not attempt to challenge the Board's analysis. Employer also offers no discussion or analysis of its own to suggest the WCJ abused his discretion. Rather, Employer argues the WCJ erred because without consolidation, Employer could not use its termination petition as a mechanism to insert untimely evidence into the claim petition record. This argument is facially devoid of merit.

We conclude the WCJ did not err in refusing to consolidate the claim and termination petitions.

### 3. Unreasonable Contest Fees

Employer contends the WCJ also erred in imposing unreasonable contest attorney fees based on Employer's failure to submit any evidence. Employer argues the WCJ's purported errors in closing the record and refusing consolidation were the causes of Employer's failure to submit medical evidence. In light of our rejection of Employer's previous arguments, this assertion likewise lacks merit.

Further, in concluding Employer lacked a reasonable basis to oppose the claim petition, the WCJ did not rely solely on Employer's failure to submit evidence. The WCJ also pointed out that Employer previously acknowledged Claimant's injury, so the injury was undisputed.[3]

---

[3] In addition, we observe that after <u>accepting</u> the injury, Employer subsequently responded to the claim petition by denying Claimant ever sustained an injury. Employer further denied that any injury Claimant sustained was a work injury. Certified Record, Item #4.

9

Moreover, Employer again fails to support its argument with analysis or citation to authority. We reject Employer's argument and conclude the WCJ properly imposed attorney fees based on Employer's unreasonable contest.

## B. Claimant's Petition – Supersedeas

Claimant argues the Board erred because it did not expressly lift the supersedeas relating to Employer's payment of the attorney fees awarded by the WCJ. In light of our disposition of the cross-petition, this issue is moot.

## IV. Conclusion

Based on the foregoing, this Court affirms the Board's decision and dismisses Claimant's petition for review as moot.

ROBERT SIMPSON, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Martha Tovar,            :
          Petitioner   :
                  :
      v.             :   No. 1441 C.D. 2017
                  :
Workers' Compensation Appeal     :
Board (Oasis Outsourcing/Capital   :
Asset Research Ltd.),        :
          Respondent   :


Oasis Outsourcing/Capital      :
Asset Research LTD,        :
          Petitioner   :
                  :
      v.             :   No. 1469 C.D. 2017
                  :
Workers' Compensation Appeal     :
Board (Tovar),           :
          Respondent   :

## **O R D E R**

**AND NOW**, this 1st day of May, 2018, the order of the Workers' Compensation Appeal Board is **AFFIRMED**. The petition for review of Martha Tovar is **DISMISSED AS MOOT**.

 

_____
ROBERT SIMPSON, Judge